UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------
x No: **4573**

PHILIP DANIELS

    Plaintiff,

-against-

THE CITY OF NEW YORK, DET. DET ROSADO and
JOHN DOE (1-7), JANE DOE (1-2).
    Defendants.

--------------------------------------------------------- x


**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 23 2009 ★

BROOKLYN OFFICE

**ROSS, J.**

**GOLD, M.J.**

Plaintiff, PHILIP DANIELS, by his attorney, ADRIAN A. ELLIS, LLC., alleges as follows:

I. <u>INTRODUCTION</u>

1. This is an action pursuant to U.S.C. Section 1983 to vindicate the civil rights of PHILIP DANIELS. The plaintiff contends that he was subjected to a malicious abuse of process by the defendant's when he was seized, falsely imprisoned, defamed and degraded and humiliated without cause. by the defendant's. Defendant's were acting under the color of state law and pursuant to municipal customs, practices and policies when they undertook the aforementioned acts against plaintiff.

II.     <u>JURISDICTION</u>

2. This court has jurisdiction over this action under 42 U.S.C. Section 1983 and the 6th, 4th, 5th and 14th Amendments of the Constitution of the United States. Venue is proper, as the operative events occurred within this judicial district.

III. PARTIES

3. Plaintiff, PHILIP DANIELS resides in Kings County and sues on his own behalf.

4. Defendant, The City of New York is a municipality that is incorporated under the laws of the State of New York, New York. Its actions and those of its agents, must conform to the dictates of the Constitution of the United States. It may sue and be sued and at all relevant times herein acted under the color of the state law and pursuant to its own policies, practices and customs.

5. Defendants The City of New York, Detective ROSADO, and John Doe's (1-8) and Jane Does (1-5) at all times were employed by the City of New York as police officers. Their actions must conform to the dictates of the Constitution of the United States. They are sued in their individual capacities for violating the plaintiff's civil rights while acting under the color of state law and/or acting pursuant to policies, practices and customs of the City of New York.

IV. FACTUAL AVERMENTS

6. Defendants, all of whom were acting under the color of the state law and/or pursuant to policies, practices and customs of the City of New York violated plaintiffs civil rights in the following ways:

a. On December 13, 2008 Philip Daniels (hereinafter "plaintiff") was walking towards his home located at 467 Snediker Avenue, Brooklyn, New York at approximately 7:30 p.m. when he was stopped by undercover police detectives who claimed he fit the description of a robbery suspect. Approximately seven to eight officers surrounded the defendant and pushed him onto a unmarked squad car, where the plaintiff was handcuffed and searched. The plaintiff questioned as to why he was being handcuffed and searched and was told that he had robbed a couple the prior week. Soon thereafter two police officers masquerading as a civilian couple

appeared and identified the defendant as the perpetrator of the alleged robbery. The man who was allegedly robbed by the plaintiff asked the plaintiff if "he didn't remember robbing him and punching him in his jaw." The plaintiff was later able to determine that the alleged victims of the claimed robbery were actually police officers when he was brought to the precinct and saw them in the precinct with their police shields visible. After searching the plaintiff, defendant Rosado and other police personnel (John Does 1-7) Jane Doe (1-2) started to question the plaintiff as to whether he was selling drugs, stating that they had cameras on the streets that see everything. Despite the search revealing that the plaintiff was not in possession of drugs or drug paraphernalia the defendant was taken to the 73rd precinct. Whilst at the precinct the plaintiff was subjected to a strip search which included him having to squat for the defendants. At approximately 3:00 a.m. The plaintiff was taken to central booking , however he was not arraigned until around 9:00 p.m. ensured that the transportation of the plaintiff to central booking did not occur until after the plaintiff was held at the precinct for several hours. On May 29, 2009 this case was adjourned in contemplation of dismissal with the dismissal taking immediate effect. Thereby giving the plaintiff the mistaken belief that his case was dismissed.

### FIRST CLAIM FOR RELIEF

7. Defendants actions against plaintiff were undertaken pursuant to municipal policies, practices and customs of using police power to arrest and seize citizenry when deemed necessary.

8. As a result of the defendants actions the plaintiff is fearful of all police officers and is unable to respect the police force and the purported purpose to "protect and serve".

9. The conduct of defendants in maliciously abusing the process against the plaintiff was outrageous and was done with a total and utter reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages as against the individual defendants.

10. The arrest of the plaintiff was effected without the constitutional prerequisites and in total and utter disregard for the civil rights of the plaintiff.

11. Solely as a result of these actions, plaintiff was:

a.      Subjected to roughly twenty five and a half hours of incarceration.

b.      Suffered severe emotional trauma and was subjected to personal humiliation and degradation as the arrest took place in the streets where it was visible to the public including persons known to the plaintiff.

c.      Has continued to suffer from mental and emotional distress as a result of the unlawful conduct of the defendants, and

d.      Has been caused to fear repetition of the unlawful conduct by the defendants or by other police officers.

12.     Each of the defendants, jointly and severally, acted maliciously, willfully and wantonly, and outside the scope of their jurisdiction, although under the color of law, and violated the rights of the plaintiffs:

a.      To be free from unlawful imprisonment;

b.      To be free from malicious abuse of process;

c.      To be free from intentional infliction of great emotional distress;

    d.      To be free from negligence in the performance of police duties;

    e.      To be free from summary punishment without trial; and

    f.      To due process of law.

13.    All of these rights are secured to the plaintiff by the provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States of America and by 42 U.S.C.§§ 1983, 1988.

14.    As a result of the defendants conduct, plaintiff has suffered damage and injury.

### SECOND CLAIM FOR RELIEF

15.    Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of this complaint designated "I" through "14" inclusive with the same force and effect as though each were fully set forth at length here.

16.    The defendants intentionally and for the purpose of causing severe mental distress conducted themselves towards the plaintiff in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

17.    The defendant recklessly conducted themselves towards the plaintiffs in a manner so outrageous and shocking that it exceeded all reasonable bounds of decency.

### PRAYER

Plaintiff demands judgment against the defendants for:

1. Compensatory damages in an amount that the trier of facts considers just and fair.

2. Punitive and exemplary damages in an amount that the trier of the fact considers sufficient to punish and deter each defendant against whom, theses damages are awarded;

3. Costs of suit;

4. Reasonable attorney fees; and

5. All other relief that is just and proper.

Dated: Brooklyn, New York

June 26, 2009

Respectfully Submitted

ADRIAN A. ELLIS, LLC.,

Adrian A. Ellis (5276)